F I L E D
United States Court of Appeals
Tenth Circuit

FEB 18 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TERRY LEE MARGHEIM,

Plaintiff - Appellant,

v.

J. D. PYATT, JEFF FRENCH,
DONNA THURLOW, Officials of the
Colorado Department of Corrections;
and Unknown Officials of the
Colorado Department of Corrections,

Defendants - Appellees.

No. 97-1378

(D. Colorado)

(D.C. No. 97-D-1154)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Terry Lee Margheim, a state prisoner appearing pro se, appeals a district court order denying his motion for relief from the district court's dismissal, without prejudice, of his civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985(3).[1]

After serving time for two separate convictions and being released from prison, Margheim was arrested again after state parole officers conducted a home visit at his residence. Charges were subsequently filed against Margheim, who was convicted and is now serving time for this third conviction.[2] In the purported civil action before us, Margheim alleges that he is "'currently . . . imprisoned due to the actions of various employees of the State of Colorado and the Department of Corrections which were in direct violation of THE U.S. CONSTITUTION and

---

[1]In July 1997, the district court dismissed Margheim's claims without prejudice. Later that month, Margheim filed a motion to reconsider, which the court properly construed as a Rule 59(e) motion and denied. In September 1997, Margheim then filed a second motion to reconsider, entitled a motion for relief from judgment, which the district court construed as a motion pursuant to Rule 60(b) and denied. In October 1997, Margheim filed a notice of appeal.

[2]In 1990, Margheim was sentenced to three concurrent five-year sentences and granted 66 days of presentence confinement credit for each sentence. The theory which underlies his present civil rights suit is that subsequently, the Colorado Department of Corrections wrongfully applied the credit to a prior sentence he was serving. Margheim contends he was paroled, and that on December 2, 1993, eight days after his three concurrent sentences had been discharged by statute, three state parole officers "'conducted a home visit at the Plaintiffs [sic] residence and arrested him without a warrant, probable cause, or any authority to do so.'" R. Vol. I, Tab 6 at 2.

THE CONSTITUTION OF COLORADO,'" R. Vol. I, Tab 6 at 3, and seeks

monetary damages for false imprisonment.[3]

The problem in this case, as observed by the district court, is that although

Margheim has styled his suit as a civil rights action seeking only monetary

damages, he is essentially attacking the legality of his conviction and the sentence

he is currently serving. In a thorough opinion, the district court pointed out that

the Supreme Court has prohibited this approach in Heck v. Humphrey, 512 U.S.

477 (1994). See R. Vol. I, Tab 16 at 2. In Heck, the Court made it clear that

> when a state prisoner seeks damages in a § 1983 suit, the district
> court must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or sentence;
> if it would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.

Heck, 512 U.S. at 487 ("[A] § 1983 plaintiff must prove that the conviction or

sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal. . . , or called into question by a federal court's

issuance of a writ of habeas corpus."). Because Margheim has not challenged his

---

[3]Following the home visit, in January 1994, charges were filed against Margheim; he was convicted in July 1995 and sentenced to 15½ years' imprisonment. Subsequently, the government offered to reduce Margheim's sentence to 6½ years' imprisonment in exchange for his waiver of the right to pursue an appeal in that case, including any collateral attacks on his conviction in any later proceeding. R. Vol. I, Tab 14, Tr. of Dec. 9, 1996, Hr'g (attached). After a hearing in December 1996, Margheim was resentenced pursuant to this agreement. Id.

current conviction or sentence, either collaterally or on direct appeal (nor could

he pursuant to his plea agreement), the district court did not err in dismissing,

without prejudice, Margheim's complaint and in denying his motions to

reconsider.[4]

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[4]Margheim argues that the government waived its right to apply Heck v. Humphrey as a bar to his claims because in the December 1996 hearing the government failed to object when Margheim's attorney stated that Margheim had attempted to file a Notice of Intent for his present civil rights action and that, in her opinion, the civil suit would not be barred by the plea agreement. Appellant's Br. at 6; see R. Vol. I, Tab 14, Tr. of Dec. 9, 1996 Hr'g (attached). This argument is without merit.

Attachments not available electronically.